OPINION
Robert B. Vollmer is the attorney for the father of a child involved in a dependency action in the Juvenile Court of Miami County.
This appeal is not about the merits of that action. It is concerned only with the imposition of a $130 sanction against Attorney Vollmer for at the last minute preventing testimony of a witness who had already arrived in court. The $130 is the total amount of the fees the witness, Dr. Nims, testified that he lost because he had to cancel two appointments to come to the court. (Tr. 9).
The magistrate stated on the record that the unnecessarily last minute service by Attorney Vollmer of a revocation by his client of permission given to Dr. Nims to testify made at the very courtroom door was not "fair play." (Tr. 16-17), and she was "very angry" about it. (Tr. 15).
The entire situation and justification for the sanction against Attorney Vollmer are set forth in the following excerpts from the opinion and decision of the juvenile court judge overruling Attorney Vollmer's objections to the magistrate's imposition of a $130 sanction:
 It appears that the issue was that in the course of discovery and pretrials, Prosecuting Attorney Dicks indicated that he would be calling Dr. Nims as a witness during the adjudicatory hearing to prove the element of their case that the father of the child had been diagnosed with a psychotic disorder and suffered from mental health issues. Said father has previously signed an authorization for release of information to allow Dr. Nims to share the father's mental health records with Children's Services. Attorney Vollmer then, halfway through the adjudicatory hearing, served upon Dr. Nims (immediately prior to his testimony) a written revocation of that authorization. The Magistrate later concluded by order file stamped May 9, 2001, that the direct testimony of Dr. Nims concerning his treatment of the said father was privileged communication and she sustained Attorney Vollmer's objection in not allowing Dr. Nims to be called as a witness.
 However, the issue now before the Court is whether the Magistrate was within her authority to order Attorney Vollmer to pay Dr. Nims $130.00 as remuneration for lost earnings?
* * *
 Juvenile Rule 24 provides the rules for discovery including witness lists and other relevant information. Prosecuting Attorney Dicks revealed to Attorney Vollmer his intent to call Dr. Nims as a witness and Dr. Nims' name and address were provided to Attorney Vollmer in writing early in the discovery process. At no time did Attorney Vollmer advise Attorney Dicks, nor the Court, that he was considering revocating the authorization. Attorney Vollmer clearly anticipated revoking the Authorization as the revocation was already typed and signed by his client prior to the date of trial. Attorney Vollmer attempts to convince the Court that there was no earlier time that he could have shared his intentions, when in fact, he could have given the Court and the Prosecutor at least twenty-four hours notice, if not more. In civil proceedings, parties have the duty to disclose what witnesses will be called and the basis of their testimony so that there are no surprises. That is the whole purpose of discovery.
 Attorney Vollmer hoped to catch Prosecuting Attorney Dicks off guard by not disclosing the possibility of the revocation so that Attorney Dicks could not "regroup" (his word) and add additional witnesses to his witness list. If Attorney Dicks had attempted to call a witness not on his list, this Court is sure that Attorney Vollmer would have asserted "surprise" and argued to keep the witness from testifying. In civil cases, the same rules apply to both sides.
* * *
 Attorney Vollmer sees no "threat to the administration of justice." However, the adjudicatory hearing could not go forward that day (a waste of docket time) and additional time was then needed to brief the issue and a decision written by Magistrate Beers. Because of the ninety day time frame on dependency cases, the case had to be ultimately dismissed with leave to Children's Services to file its instanter complaint and have the case start completely over. This is a waste of docket time, magistrate's time, prosecutor's time and attorney time (two defense attorneys and attorney for CASA) all of which is at the tax payer's expense. This is a threat to the administration of justice.
Juvenile Rule 17 provides:
 (D)(1) "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."
 (F) ". . . The court from which a subpoena was issued may impose upon a party or attorney in breach of the duty imposed by division (D)(1) of this rule an appropriate sanction, that may include, but is not limited to, lost earnings and reasonable attorney's fees."
 Magistrate Beers did not find Attorney Vollmer in contempt of court. She did impose sanctions clearly within her power to regulate the proceedings before her for the "efficient performance" of her duties (Juvenile Rule 40(C)(2) and necessary to regulate the proceedings (Juvenile Rule 40(C)(a). The Magistrate had the authority to, under the discovery rules (Juvenile Rule 24(C), to "enter such other order as it deems just under the circumstances." Lastly, Juvenile Rule 17 puts a duty on the Court and attorneys alike to not "impose undue burden or expense" on subpoenaed witnesses and authorizes the court to sanction parties or attorneys who breach that duty. Attorney Vollmer breached his duty to the Court and to Dr. Nims and the sanction imposed by the Magistrate was fair and just. (Emphasis supplied). (Doc. 50).
Attorney Vollmer appeals the $130 sanction and presents as his sole assignment of error that: "The trial court committed harmful error in imposing a financial sanction against Attorney Vollmer."
In the first place, we are perplexed as to why Attorney Vollmer would spend so much of his valuable time on an appeal of a mere $130 sanction. In his brief, he simply argues that he can find no juvenile court rule which directly authorizes the sanction in these circumstances. No one filed an opposing brief. Who would? The juvenile court? Dr. Nims? The State?
In any event, we have carefully studied the transcript of the hearing, and we find that the minor sanction was amply justified. We hereby approve and adopt as our own the above-quoted sections of the decision of the juvenile court judge. Any court has inherent power to correct the harm done by an unprofessional act of an attorney appearing in a case before it. The assignment of error is overruled, and the imposition of the sanction and judgment thereon is affirmed.
BROGAN, J. and GRADY, J., concur.